

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2004

# Poole v. Family Ct New Castle

Precedential or Non-Precedential: Precedential

Docket No. 02-2364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Poole v. Family Ct New Castle" (2004). *2004 Decisions.* Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2364
_____

SAMUEL T. POOLE,

Appellant

v.

FAMILY COURT OF NEW CASTLE
COUNTY; JOHN DOE
EMMA HAYES; FLORENCE F.
WRIGHT, ESQ.; JOHN W. NAILS,
ESQ.;
EDWARD J. ZETUSKY, Jr.; WALTER
T. REDAVID, ESQ., Judge;
DELAWARE COUNTY BAR
ASSOCIATION; ROBERT SNYDER;
Warden;
ATTORNEY GENERAL OF THE
STATE OF DELAWARE;
LORETTA M. YOUNG

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(Dist. Court No. 01-cv-00297)
District Court Judge: Hon. Joseph J.
Farnan, Jr.

Argued: December 2, 2003

Before: SLOVITER, ALITO, and
FRIEDMAN,* Circuit Judges

(Opinion Filed: May 13, 2004)

CHARLES R.A. MORSE (argued)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
*Counsel for Appellant*

KATHLEEN M. MILLER (argued)
Smith, Katzenstein & Furlow
800 Delaware Avenue, 7th Floor
Wilmington, DE 19899
*Counsel for Appellee - John W. Nails, Esq.*

STUART B. DROWOS (argued)
Delaware Department of Justice
820 North French Street
Wilmington, DE 19801-3509
*Counsel for Appellees - Loretta Young and
the Family Court of Delaware in and for
the County of New Castle*

_____

OPINION OF THE COURT
_____

_____

*The Honorable Daniel M.
Friedman, Senior Judge of the United
States Court of Appeals for the Federal
Circuit, sitting by designation.

ALITO, Circuit Judge:

This is an appeal from an order of the District Court dismissing all of the claims asserted in the pro se complaint filed by Samuel T. Poole ("Poole"), an inmate. Poole's notice of appeal was not filed on time, apparently because of delay in receiving notice of the entry of the order dismissing his claims. Instead of moving to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, Poole filed a notice of appeal shortly after finally receiving notice. We hold that we lack jurisdiction to entertain this appeal.

## I.

This case concerns the paternity of a minor who Samuel T. Poole claims is his son. In 2001, Poole filed what he called a "Petition for a Writ of Habeas Corpus" against several public officials and private individuals, alleging that a series of actions taken in connection with two family law proceedings – one in Delaware and the other in Pennsylvania – violated his Fifth and Fourteenth Amendment rights by interfering with his access to his son. The District Court treated the case as an action filed under 42 U.S.C. § 1983 and permitted Poole to proceed *in forma pauperis*. The District Court then dismissed the claims against two defendants *sua sponte* for lack of personal jurisdiction, and the Court dismissed the claims against the remaining defendants as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II.

### A.

Before reaching the merits of this appeal, we are required to consider whether we have appellate jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). The timeliness of an appeal is a mandatory jurisdictional prerequisite. United States v. Robinson, 361 U.S. 220, 224 (1960). In a civil case, Rule 4(a)(1) of the Federal Rules of Appellate Procedure generally requires a notice of appeal to be "filed with the district clerk within 30 days after the judgment or order appealed from is entered." In this case, the order dismissing Poole's complaint was entered on March 26, 2002, and Poole deposited his notice of appeal in his prison's internal mail system 44 days later. Under Appellate Rule 4(c)(1), Poole's notice of appeal is regarded as having been filed upon mailing, but because he did not mail the notice of appeal within 30 days after the relevant order was entered, he did not comply with Rule 4(a)(1).

### B.

Poole argues that his notice of appeal should be regarded as having been filed on time because there was a delay in his receipt of notice from the district court clerk's office regarding the entry of the order of dismissal. This delay resulted from Poole's transfer from one correctional institution to another shortly before the order of dismissal was entered. When Poole made his initial filing and until some time in late March 2002, he was

-2-

incarcerated in the Delaware Correctional Center in Smyrna, Delaware. When the District Court entered the order dismissing Poole's claims, the clerk of the court apparently sent notice to Poole and all of the other parties on that same day. The notice to Poole was mailed to the facility in Delaware, but by the time it arrived, Poole had been transferred to Pennsylvania's State Correctional Institution at Graterford. The Postal Service returned the notice to the clerk on April 24, 2002, at which time the clerk faxed an "address request" to the Delaware Department of Corrections. The clerk received Poole's new address on April 29 and then mailed a copy of the order to the correct address. Poole received the order on May 6 and mailed his notice of appeal three days later.

Poole argues that handwritten letters that he sent to the District Court and that were received on March 22 and April 1 should have alerted the clerk to his transfer. The first letter was described on the docket sheets as "Letter to Clerk of the Court dated 3/21/02 by Samuel Poole RE: questions regarding Habeas Corpus." This letter bore Poole's address at the Delaware facility, and in the midst of a discussion of other matters, the letter stated: "I will be returning to P.A. 3-24-02 is my Max out date and then my detainer come up . . . ."

The second letter was described in the docket sheets as "Letter by Plaintiff, received 4/1/02, advising the Court he has no pen, paper, or ability to make telephone calls." This handwritten note in its entirety states:

> Samuel T. Poole BN 5599
> Box 244
> Graterford Pa 19426-0244

To: Clerk

It will take me a couple of weeks to get a pen or to make a phone call or to get some paper this is the only way I can contact you with a pencil

Thank you

Samuel T. Poole

By the time this letter was sent and received, the clerk had already mailed notice to Poole's Delaware address, and apparently because this letter did not state expressly that Poole's address had changed and did not request that the clerk change the address listed on the docket, the letter did not alert the clerk's office that the notice sent a few days earlier had been mailed to a facility where Poole was no longer housed.

Poole argues that his notice of appeal should be regarded as having been filed on time under the reasoning of United States v. Grana, 864 F.2d 312 (3d Cir. 1989). In Grana, a criminal case, we held that, "in computing the timeliness of filings which are jurisdictional in nature, any delay by prison officials in transmitting notice of a final order or judgment to an incarcerated *pro se* litigant should be excluded from the computation." Id. at 313. In the present case, Poole complains about delay attributable to the clerk's office, not prison

officials, but Poole argues that <u>Grana</u> stands for the broad proposition that "when official delay . . . interferes with receipt of the notice of appeal, that delay 'must be subtracted from calculation of time for appeal.'" Appellant's Br. at 1 (quoting <u>Grana</u>, 864 F.2d at 316).

Poole's argument overlooks the significance of the fact that <u>Grana</u> was a criminal case. Because the present case is civil, the approach that we took in <u>Grana</u> is foreclosed by Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a). Under Civil Rule 77(d), a district court clerk must notify all parties not in default "[i]mmediately upon the entry of an order or judgment." The Rule goes on to state, however, that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Appellate Rule 4(a), in turn, provides a procedure for reopening the time to file a notice of appeal when the party desiring to appeal does not receive notice of the entry of the judgment or order. In a civil case, therefore, the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a), not via the <u>Grana</u> approach.

The <u>Grana</u> approach remains viable[2] in criminal cases because the Federal Rules of Criminal Procedure do not contain any provision analogous to Civil Rule 77(d) and because Appellate Rule 4(b), which deals with appeals in criminal cases, does not contain any provision analogous to Appellate Rule 4(a)(6).[3] However, the <u>Grana</u> approach cannot be used to extend the time for filing

---

[2]<u>Grana</u> was decided before Appellate Rule 4(a)(6) was added and corresponding changes were made in Civil Rule 77(d). However, because these changes do not apply to criminal cases, <u>Grana</u> was not affected.

[3]The absence of criminal analogs to FED. R. CIV. P. 77(d) and FED. R. APP. P. 4(a)(6) is probably due to the fact that the the vast majority of orders in criminal cases from which a defendant may take an appeal are judgments of conviction and sentence. A criminal defendant must be present when sentenced, and consequently there is no need for the district court clerk to notify the defendant by mail regarding this occurrence. For the same reason, there are not many instances in which a criminal defendant runs the risk of failing to file a timely notice of appeal due to lack of notice regarding the entry of the order from which the appeal is taken. <u>Grana</u> was one of the relatively unusual criminal cases in which a defendant took an appeal from an order other than a judgment of conviction and sentence.

-4-

a notice of appeal in a civil case.[4]

## C.

### 1.

The remaining question that we must consider is whether there is any way in which Poole can obtain relief under Appellate Rule 4(a)(6). That Rule states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced.

The terms of Appellate Rule 4(a)(6) thus contemplate the filing of a motion to reopen within seven days after notice is received. Here, Poole concedes that he received notice on May 6, 2002. He thus had until May 13 to move to reopen, but instead of filing a motion to reopen, he simply filed a notice of appeal on May 9. Unless we can construe his notice of appeal as a motion to reopen, he cannot qualify for relief under Appellate Rule 4(a)(6).

### 2.

Our court has not decided whether a pro se notice of appeal may be construed as a motion to reopen under Appellate Rule 4(a)(6), but we have held that a notice of appeal cannot be construed as a motion to extend the time to appeal in a civil case under Appellate Rule 4(a)(5). Herman v. Guardian Life Insurance Co., 762 F.2d 288 (3d Cir. 1985) (per curiam). In Herman, we noted that before Appellate

---

[4]Moreover, even if Civil Rule 77(d) and Appellate Rule 4(a) did not preclude us from applying Grana in the civil context, we would be reluctant to extend Grana to a case such as the present one, where the delay was not primarily due to Poole's status as an inmate but to the simple fact that he was moved. Although Poole argues that his letter of April 1 should have alerted the district court clerk that he had been transferred, neither of his letters expressly informed the clerk of that fact or requested that his address be changed in the court's records. It is simply asking too much of the district court clerk to note that the address listed on the April 1 letter was different from the address that Poole had previously provided.

-5-

Rule 4(a)(5) was amended in 1979, we had been "'generally willing to treat a tardy notice of appeal as the substantial equivalent of a motion to extend the time for filing on the ground of excusable neglect.'" Id. at 289 (citation omitted). We held, however, that the 1979 amendment prevented us from continuing that practice. We noted that the first sentence of Fed. R. App. P. 4(a)(5) permits a district court to extend the time to file a notice of appeal "upon motion," and we observed: "Thus, the filing of a motion is expressly required to obtain an extension of time." Id. We also noted that the Committee Notes on the 1979 amendment to this provision stated that "'[t]he proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time.'" Id. at 289-90 (quoting Appellate Rule 4(a)(5), Committee Notes, 1979 Amendments). We therefore held that an extension may not be granted under Appellate Rule 4(a)(5) unless a motion is filed.

Every other court of appeals to consider the question has reached the same conclusion. See 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND PATRICK J. SCHILTZ, FEDERAL PRACTICE AND PROCEDURE § 3950.3 at 139 & n.11 (1999 & 2003 Supp.) (citing cases). Not only are these decisions supported by the language of Appellate Rules 4(a)(5) and 4(a)(6) and their Committee Notes, but the contrast with the provision of the Appellate Rules governing an extension of time to file a notice of appeal in a criminal case is striking. Appellate Rule 4(b)(4) expressly states that in criminal cases an extension may be granted "with or without motion."

**3.**

The reasoning of Herman and like cases from other circuits militates in favor of a similar interpretation of Appellate Rule 4(a)(6). The critical language in the two rules is not materially distinguishable. Appellate Rule 4(a)(5) states in relevant part:

> The district court may extend the time to file a notice of appeal *if . . . a party so moves* no later than 30 days after the time proscribed by this Rule 4(a) expires . . . .

(emphasis added). Appellate Rule 4(a)(6) contains similar language:

> The district court may reopen the time to file an appeal . . . *if . . . the motion is filed* within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry . . . .

(emphasis added). Likewise, the Committee Notes for the two provisions are hard to distinguish in the respect relevant here. The Notes on the 1979 amendments to Rule 4(a)(5) state:

The proposed amendment would make it clear that *a motion to extend the time must be filed* no later than 30 days after the expiration of the original appeal time .
. . .

(emphasis added).

The Notes on the 1991 amendments to Rule 4(a)(6) state:

> *Reopening may be ordered only upon a motion* filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier.

(emphasis added).

Because the decision in Herman was based on language in Appellate Rule 4(a)(5) and its Committee Note that is not significantly different from language in Appellate Rule 4(a)(6) and its Committee Note, we conclude that we should apply Herman in the present context as well. We therefore hold that Appellate Rule 4(a)(6) requires a motion to reopen. While "no particular form of words is necessary to render a filing a 'motion,'" Campos v. LeFebvre, 825 F.2d 671, 676 (2d Cir. 1987), a simple notice of appeal does not suffice.

We are aware that the Eleventh Circuit reached a contrary result in Sanders v. United States, 113 F.3d 184 (11th Cir. 1997) (per curiam). While acknowledging the similarity between the language of Appellate Rules 4(a)(5) and (6), see id. at 187 n.5, the Sanders panel gave several reasons for interpreting the rules differently, but we do not find these reasons persuasive.

In part, the Sanders panel seems to have been influenced by a belief that parties who move for an extension under Rule 4(a)(5) are (as a group) less blameless than those (as a group) who move to reopen the time to appeal under Rule 4(a)(6).[5] This assessment of the relative blamelessness of the two groups is hardly clear cut. Parties who seek extensions under Rule 4(a)(5) are sometimes entirely blameless – for example, those who fail to file on time because of "an act of God or unforeseen human intervention." Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 388-89 (1993) (discussing "excusable neglect" under a bankruptcy rule). And parties who fail to file a timely notice of appeal because they have not

---

[5]The Court stated that "when through no fault of his own, a pro se litigant does not receive notice of the order from which he seeks to appeal, it would be unjust to deprive him of the opportunity to present his claim to this court." 113 F.3d at 187. The Court added that a "notice of appeal filed late because the appellant did not receive notice of the judgment should be treated differently (and more favorably) than those filed late for other reasons (i.e., those governed by Rule 4(a)(5)'s excusable neglect standard)." Id.

received notice of the relevant judgment or order may not be entirely blameless[6] – for example, the party who is informed by the court that a dispositive order is expected within a week but does not thereafter make any effort to find out whether the order has been issued. In any event, assuming that there is some difference in the relative blamelessness of the two groups, the difference is far too slight to justify divergent interpretations of the very similar language of Rules 4(a)(5) and 4(a)(6).

The remaining reasons given in Sanders are likewise unconvincing. The Sanders Court stated that it had "a duty to liberally construe" a pro se litigant's submission, 113 F.3d at 187 (internal quotation and citation omitted), but this duty cannot justify taking a fundamentally different approach in interpreting filings under Rules 4(a)(5) and 4(a)(6).

Finally, we are not moved by the Sanders panel's argument that its interpretation of Rule 4(a)(6) is needed so that prison officials will not prevent inmates from taking timely appeals by ensuring that they do not receive notice of adverse decisions until after the time to appeal has expired. This argument is based on a hypothetical situation that is unlikely to arise with any frequency, if at all – namely, a case in which (a) prison officials risk the consequences of obstructing court mail in order to prevent a prisoner from appealing a district court decision that the prisoner has lost, (b) the prisoner learns of the decision within 180 days, but (c) instead of moving to reopen the time to appeal, the prisoner simply files a notice of appeal. We will not permit our interpretation of Rule 4(a)(6) to be governed by such an extreme hypothetical. If at some time in the future we are presented with such an outrageous case, we are confident that we have the tools to ensure that the right to appeal is not defeated.

In conclusion, we hold that relief under both Appellate Rules 4(a)(5) and 4(a)(6) requires the filing of a motion, not just a notice of appeal. We understand that this interpretation may lead to harsh results under both rules, and it may be that it would be preferable to treat a pro se notice of appeal as a motion under both rules. But we believe that Appellate Rules 4(a)(5) and 4(a)(6) must be read consistently, and thus we conclude that Rule 4(a)(6) demands a motion.

### III.

Because Poole's Notice of Appeal was not timely filed and Poole failed to move to reopen the time to file an appeal, we lack jurisdiction to decide the merits of his appeal. Therefore, for the reasons set out above, this appeal is dismissed.

---

[6]Courts have faulted such parties for failing to make due inquiry about adverse judgments or orders. See, e.g., O.P.M. Leasing Services Inc., 769 F.2d 911 (2d Cir. 1985) (party who was not served with notice under Civil Rule 77(d) faulted for not looking for notice of order in legal periodical).