

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2006

# Rivera v. Comm PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rivera v. Comm PA" (2006). *2006 Decisions*. Paper 1623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2072

ANGEL RIVERA,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
ATTORNEY GENERAL OF PENNSYLVANIA;
UNITED STATES ATTORNEY FOR THE MIDDLE
DISTRICT OF PA

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-08399)
District Judge: The Honorable Charles R. Weiner

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2006

Before: BARRY, AMBRO[*] and ALDISERT, Circuit Judges

---

[*] Judge Ambro does not join in this opinion. He would have us remand this appeal to the District Court for further proceedings because he believes that the August 11, 2003 letter, when considered with the greater leeway we are to offer *pro se* litigants, should have been construed by the Court as a motion to reopen its judgment. On remand, whether to grant Rivera's Rule 4(a)(6) motion to reopen would be within the sound discretion of the District Court. See Arai v. American Bryce Ranches Inc., 315 F.3d 1066, 1069 (9th Cir. 2003). Upon review of the record, however, Judge Ambro believes that Rivera is likely

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Appellant Angel Rivera appeals from a denial of his petition for a writ of habeas corpus relating to his Pennsylvania state court convictions for robbery, attempted homicide and conspiracy. Rivera filed a petition for relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. The District Court restricted its analysis to Rivera's Brady claims, which had been exhausted in the state courts. The court then ruled against Rivera on those claims, finding that the state courts' adjudication of them was "not contrary to clearly established Supreme Court precedent." Nevertheless, in its Order, the court granted Rivera a certificate of appealability as to those Brady claims, which Rivera now raises before us. We cannot reach the merits of his appeal, however, because we perceive that a problem of jurisdiction in this Court exists. Accordingly, we will dismiss the appeal.

I.

———

to have that motion granted because it appears he (1) satisfies the requirements of Rule 4(a)(6) and (2) raises potentially meritorious issues in his *habeas* petition our Court should address (indeed, one of which the District Court granted a Certificate of Appealability)—specifically, whether the prosecution committed a Brady violation by, *inter alia*, failing to disclose the note found in Santos' apartment.

2

Because the parties are familiar with the facts and the proceedings in the District Court, we will only recite those facts necessary to the discussion.

"The timeliness of an appeal is a mandatory jurisdictional prerequisite." Poole v. Fam. Ct. of New Castle County, 368 F.3d 263, 264 (3d Cir. 2004). In a habeas proceeding, a petitioner cannot take an appeal unless a district court first issues a certificate of appealability under 28 U.S.C. § 2253(c). Rule 22, Federal Rules of Appellate Procedure. In its Order denying habeas relief dated April 16, 2003, the District Court issued a certificate of appealability limited to Rivera's Brady claims. Rivera accordingly had 30 days from that date to file a notice of appeal. See Rule 4(a)(1)(A), Federal Rules of Appellate Procedure. That deadline passed with no such notice being filed.

Because Rivera did not file a timely notice of appeal, we must then examine whether he filed a proper motion to reopen, which would allow him to later file an untimely notice of appeal. See Rule 4(a)(6), Federal Rules of Appellate Procedure.[2] The

---

[2] Rule 4(a)(6) states:

Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A)    the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)    the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under

3

provisions of Rule 4(a)(6) are "mandatory and jurisdictional" and we "are required to dismiss untimely appeals sua sponte." Marcangelo v. Boardwalk Regency, 47 F.3d 88, 91 (3d Cir. 1995) (citations and internal quotations omitted). Rivera contends that he did not receive notice of the entry of the District Court's judgment until August 6, 2003.[3] By this time, in order to be able to file an untimely notice of appeal, Rivera was required to file a motion to reopen with the District Court by August 13, 2003.[4] See Rule 4(a)(6)(B), Federal Rules of Appellate Procedure (stating that a motion to reopen must be filed within seven days of the party receiving notice of the entry of judgment).

The only document that the court received from Rivera that could arguably be

---

Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)     the court finds that no party would be prejudiced.

[3]  The Docket Sheet that Rivera allegedly received on August 6, 2003, stated:

MEMORANDUM AND OPINION AND ORDER THAT THE UNEXHAUSTED CLAIMS CONTAINED IN THE PETITION OF PETITIONER FOR WRIT OF HABEAS COPRUS [sic] ARE DISMISSED WITHOUT PREJUDICE. THE PETITION IS DENIED IN ALL OTHER REGARDS. A CERTIFICATE OF APPEALABILITY IS GRANTED LIMITED TO THE EXHAUSTED BRADY CLAIMS ADJUDICATED HEREIN. SIGNED BY JUDGE CHARLES R. WEINER ON 4/16/03. ENTERED AND COPIES MAILED. (lvj,) (Entered: 04/16/2003)

[4]  Ordinarily, the issue of when notice was received is a factual question to be found by the District Court, see Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995), but for the purposes of our discussion we will accept as true Rivera's averment that he did not receive notice until August 6, 2003.

4

construed as a motion to reopen was a letter dated August 11, 2003 (hereinafter "the August letter") that stated that he only recently received notice of the entry of judgment and requested information on how to proceed.[5]  Misreading Rule 4(a)(6), Rivera now contends that this letter is a notice of appeal.  Because a notice of appeal filed on August 11, 2003, would be untimely, see Rule 4(a)(1)(A), Federal Rules of Appellate Procedure (stating that a notice of appeal must be filed within 30 days of the entry of judgment), the real question is not whether the August letter constitutes a notice of appeal, but whether it is a proper motion to reopen under Rule 4(a)(6).[6]  See Poole, 368 F.3d at 264 (focusing

---

[5] The August letter is as follows:

> Dear Clerk of Court:
>    First of all, I wish you in GOD's loving hands, and in the best of health. I just received the copy of my docket sheet, that I requested.  Thank you so much . . . But to my surprise, I noticed that a "MEMORANDUM AND OPINION AND ORDER" was entered on "April 16, 2003".  In which I never received a copy of said "Memorandum and Opinion and Order".  I truly thought, that I was still waiting on a decision.  Can you please send me a complete copy, of said "Memorandum And Opinion And Ordered" entered on 04/16/03, and as to how I should proceed now.  I now leave everything in GOD's merciful hands, and yours.  Awaiting on your prompt reply, and thanking you in advance, for all your help and cooperation, in this grave and urgent matter.
>
> Respectfully,
> /s/ Mr. Angel Rivera

[6]  Rivera also wrote letters on September 19, 2003, and November 16, 2003, in which he similarly expressed his surprise in the recent entry of judgment and requested a copy of the Memorandum and Order.  We do not address them here because even if those letters could be construed as motions to reopen, they were untimely.  Both letters were submitted more than seven days after Rivera received notice of the entry of judgment.  See Rule 4(a)(6)(B), Federal Rules of Appellate Procedure.

5

upon whether a motion to reopen was filed when all that was received was an untimely notice of appeal).

Having examined the August letter, we conclude as a matter of law that it does not constitute a motion to reopen. We make this decision mindful that we are to grant *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure." See Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993). We also acknowledge that captions and titles that a *pro se* litigant places upon filings are irrelevant; rather, it is the function and substance of the documents that are determinative. Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989); see also Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-317 (1988) (examining whether the *pro se* appellant's filing accomplished the "functional equivalent of what the rule requires"). Nonetheless, a writing must contain some indicia from which a district court can conclude that a Rule 4(a)(6) motion to reopen is before it. See Campos v. LeFevre, 825 F.2d 671, 676 (2d Cir. 1987) ("[N]o particular form of words is necessary to render a filing a 'motion.' Any submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice."); see also U.S. v. Feuver, 236 F.3d 725, 729 (D.C. Cir. 2001) (concluding ultimately that there was no such indicia in litigant's *pro se* "Motion for Determination of Status"). Accordingly, notwithstanding the leniency that we give *pro se* litigants' filings, the August letter is not a motion to reopen. See Poole, 368 F.3d at 268 ("Appellate Rule

6

4(a)(6) requires a motion to reopen."). There are no indicia in the August letter from which the District Court could have concluded that a Rule 4(a)(6) motion to reopen was before it. We therefore lack jurisdiction over this appeal.

III.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We will dismiss the appeal for lack of jurisdiction.