

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Raza v. Biase

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Raza v. Biase" (2006). *2006 Decisions.* Paper 707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 05-5103 & 05-5383
_____

IN RE: ROSE COLOR, INC.,
Debtor

AZMAT RAZA; SYED I. RAZA       Appellants in 05-5103
Appellants

SYED IRSHAD RAZA,       Appellant in 05-5383
Appellant

vs.

TRUSTEE DONALD V. BIASE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. Nos. 04-cv-04972, 05-cv-02291, 05-cv-03437, 05-cv-04159)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
July 20, 2006
Before:   FISHER, ALDISERT AND WEIS, <u>Circuit Judges</u>
(Filed July 24, 2006)
_____

OPINION
_____

1

PER CURIAM.

Syed and Azmat Raza[1] appeal the orders of the United States District Court for the District of New Jersey affirming several rulings of the United States Bankruptcy Court for the District of New Jersey.  We will dismiss the appeals.

## I.  Background

The background of the underlying action is extensive and well-known to the parties, and thus we will only summarize the necessary facts for the appeals before us. Syed Raza identifies himself as the second largest creditor of Rose Color, Inc. ("Rose Color" or "debtor"), the debtor in the underlying bankruptcy action captioned In re: Rose Color, Inc., N.J. Bk. Ct. No. 03-23667.  Azmat Raza alleges she is the largest equity holder of the debtor.  Rose Color was a dye manufacturer, and Syed Raza served as the company president.  Rose Color filed for bankruptcy protection under Chapter 11, and the appellee Donald Biase was appointed as trustee ("the Trustee").  The Trustee terminated Rose Color employees, including the Razas.  The Trustee filed a notice of intention to conduct a sale of the debtor's personal property.  After a hearing, by order entered June 25, 2004, the Bankruptcy Court authorized the Trustee to conduct the public sale and denied Raza's motion to stay the order pending appeal.  No appeals were filed. Raza was not present at the public auction, and a number of items were sold.  Raza later

_____

[1] Syed and Azmat Raza are husband and wife.  Throughout this opinion, we will refer to Syed Raza as "Raza" or by his full name, and to Azmat Raza by her full name.

filed a motion to order the Trustee to disclose the result of the sale and to prohibit removal of property without court approval. By order entered August 20, 2004 (dated August 19, 2004), the Bankruptcy Court denied the motion. On September 7, 2004, the Bankruptcy Court granted the Trustee's motion to convert the Chapter 11 matter to a Chapter 7 liquidation and denied Raza's motion to terminate the Trustee. By order entered September 8, 2004 (dated September 3, 2004), the Bankruptcy Court granted the Trustee's motion for approval of the Trustee's sale of the debtor's real property. Later, on May 5, 2005, the Bankruptcy Court approved a settlement between the Trustee and Discover, Inc.[2]

Raza filed notices of appeal to the District Court regarding the orders entered by the Bankruptcy Court on August 20, 2004 and May 5, 2005.[3] Joseph E. Fund, Esquire, on behalf of Rose Color, filed notices of appeal regarding the Bankruptcy Court's orders entered September 7, 2004 and September 8, 2004.[4] On November 3, 2005, the District Court affirmed the Bankruptcy Court's orders pertaining to the Trustee's sale of the debtor's personalty, the conversion of the proceeding to Chapter 7

---

[2] On July 7, 2004, the Trustee had filed an adversary complaint seeking to avoid and recover pre-petition and post-petition transfers and other relief against a number of defendants, including Discover, Inc. Discover, Inc. is not a party before us.

[3] These appeals were docketed in District Court as Nos. 05-cv-03437 and 05-cv-04159, respectively.

[4] These appeals were docketed in District Court as No. 05-cv-02291. The appeal docketed as No. 04-cv-04972 will be discussed later in this opinion.

liquidation, the Trustee's sale of the debtor's real property, and Raza's motion to terminate the Trustee (D. N.J. Civ. Nos. 04-cv-04972, 05-cv-02291, and 05-cv-03437). Syed and Azmat Raza jointly filed a notice of appeal, docketed in this Court as C.A. No. 05-5103. On November 16, 2005, the District Court affirmed the Bankruptcy Court's order approving the settlement between the Trustee and Discover, Inc. (D. N.J. Civ. No. 05-cv-04159).[5] Raza alone filed a notice of appeal, docketed in this Court as C.A. No. 05-5383. The two appeals were consolidated. The Razas filed a motion for a stay pending appeal, which we denied.

## II. Jurisdiction

As an initial matter, we examine whether we have jurisdiction over the appeals before us.

### A. Azmat Raza's appeals

Azmat Raza signed the notice of appeal to this Court with respect to the District Court's November 3, 2005 order. However, in doing so, she appeals from the District Court's affirmance of Bankruptcy Court orders that she had never appealed. An appeal of a Bankruptcy Court's order is taken "by filing a notice of appeal with the clerk [of the Bankruptcy Court] within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001. Concerning the Bankruptcy Court orders at issue here, Azmat

---

[5] Raza also filed in this Court two mandamus actions, C.A. No. 05-1644 and C.A. No. 05-5013. We denied mandamus relief in both cases.

Raza did not file any timely notices of appeal. The District Court did not have jurisdiction to hear appeals by Azmat Raza, and it follows that we lack jurisdiction over her appeals from the District Court's order. See Krebs Chrysler-Plymouth Inc. v. Valley Motors, Inc., 141 F.3d 490, 494 (3d Cir. 1998). This is true even though she joined in Raza's brief filed in District Court, as such a result would nullify Bankruptcy Rules 8001 and 8002. See id. at 495.[6]

## B. Syed Raza's appeals

At first glance, a similar situation appears to exist regarding Raza's appeals of the Bankruptcy Court's orders entered September 7, 2004 and September 8, 2004. As noted above, the Bankruptcy Court record shows that Joseph E. Fund, Esquire, appealed these orders on behalf of the debtor, Rose Color.[7] Raza, who has been proceeding pro se as a creditor, apparently did not separately appeal these orders of the Bankruptcy Court.

---

[6] The District Court applied the "person aggrieved" rule and determined that Raza lacked standing to appeal, noting Raza's allegation that Azmat Raza is the largest equity holder of Rose Color and joined him in the appeal to the District Court. Yet even if we were to assume that Azmat Raza is a "person aggrieved," our jurisdiction would have arisen only if she had duly appealed from the orders of both the Bankruptcy Court and the District Court. See Krebs Chrysler-Plymouth, 141 F.3d at 495 ("If an aggrieved party files a timely appeal from both the bankruptcy court and the district court, the court of appeals will have jurisdiction over its claim."). Such is not the case here. Because we lack jurisdiction over her appeals, we do not reach the issue of whether Azmat Raza is a "person aggrieved."

[7] At the beginning of the bankruptcy proceedings in 2003, the debtor filed an application to employ Strasser & Associates, P.C., as counsel. The Bankruptcy Court approved the application soon thereafter. In July 2004, Mr. Fund filed an application to be employed as debtor's counsel. After a hearing, by order entered October 6, 2004, the Bankruptcy Court denied Mr. Fund's application.

5

However, Raza submitted a letter dated September 16, 2004, indicating that he had filed "two appeals: August 30, 2004 appealing the order of Bankruptcy Court entered on 8.19.04 and the other on September 2, 2004, against the order of Bankruptcy Court entered on August 31, 2004." However, the Bankruptcy Court record shows that the appeal filed on September 2, 2004 was filed by Mr. Fund, not by Raza. The letter is addressed to the District Court but bears a Bankruptcy Court date stamp of September 16, 2004, and yet it is not docketed as an appeal in the Bankruptcy Court record. To the extent that this letter may be generously construed as a notice of appeal of the same orders appealed by Mr. Fund on September 2, 2004 (i.e., the orders entered September 7, 2004 and September 8, 2004), the appeal was timely filed under Bankruptcy Rule 8002(a), and we will address the matters later in this opinion.[8]

Regarding Raza's appeal of the approval of the Trustee's settlement with Discover, Inc., we conclude that we lack jurisdiction. Following a hearing, the Bankruptcy Court overruled Raza's objections to the settlement, and, on May 5, 2005, the Bankruptcy Court issued its order approving settlement. The record reflects that Raza was served notice of the order. Under Bankruptcy Rule 8002(a), Raza had ten days from the entry of the Bankruptcy Court's order, that is, until May 16, 2005, to file a notice of appeal. See Fed. R. Bankr. P. 9006(a) (explaining application of the rule when the last day of the period falls on a Saturday or Sunday). Raza did not file his notice of

---

[8] The District Court docketed this letter as No. 04-cv-4972.

6

appeal until June 13, 2005. The deadline of Rule 8002(a) is strictly construed, and failure to file a timely notice of appeal under this rule results in a defect precluding appellate review. Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).

Bankruptcy Rule 8002(c) allows a bankruptcy judge to extend the time for filing a notice of appeal upon written motion filed before the deadline for appeal, or, filed no more than twenty days after that deadline in cases of excusable neglect. Fed. R. Bankr. P. 8002(c)(2). However, no motion for enlargement of time was filed in this case. We note that the text of Raza's June 13, 2005 notice of appeal contains an allegation that he did not receive the notice of the Bankruptcy Court's order. However, Rule 8002(c)(2) does not allow for claims of excusable neglect after the prescribed deadline for filing a motion to extend the appeals deadline. See Shareholders, 109 F.3d at 879.[9] Thus, because Raza's appeal of the Bankruptcy Court's May 5, 2005 order was untimely, the District Court lacked jurisdiction to review it. Consequently, our appellate review over the substance of the matter is precluded.

III. The August 20, 2004, September 7, 2004, and September 8, 2004 Orders

We now turn to Raza's appeals of the Bankruptcy Court's orders entered August 20, 2004, September 7, 2004, and September 8, 2004. On August 3, 2004, Raza

---

[9] Moreover, we have held in a civil case that a notice of appeal does not constitute a request to extend the deadline to appeal; a separate motion requesting such relief is required. See Poole v. Family Court of New Castle County, 368 F.3d 263, 267 (3d Cir. 2004) (discussing Rules 4(a)(5) and 4(a)(6) of the Federal Rules of Appellate Procedure).

filed a motion to compel disclosure of the results of the public sale of the debtor's personalty and to prohibit removal of plant machinery. Among other things, Raza alleged that large equipment items remained on site despite the expired deadline to remove sold items; thus, he argued that the Bankruptcy Court must prohibit the equipment from being removed. Raza also contended that the Trustee's actions, including the granting of an extension of time to a bidder to remove plant equipment, were part of a conspiracy to sabotage Raza's plan to operate the business.[10] In addition, Raza sought to set aside the Bankruptcy Court's June 25, 2004 order authorizing the auction to take place and denying his motion for a stay pending appeal. The Bankruptcy Court denied Raza's motion, noting that Raza had not timely appealed the June 25, 2004 order, and finding that the Trustee had already filed the auctioneer's accounting for the sold items. The Bankruptcy Court also found that the Trustee had the discretion to allow bidders to remove the purchased large equipment items at a date later than the original deadline. The Bankruptcy court further clarified that unsold items would remain in the bankruptcy estate.

In its later orders, the Bankruptcy Court determined that conversion of Rose Color's bankruptcy to Chapter 7 liquidation was warranted in light of the termination of virtually all of the employees, the closure of the production facility, and

---

[10] From Raza's allegations, it appears that his motion stems from his disappointment in the Trustee's rejection of his pre-auction offer of $130,000 to purchase both the personalty and realty of the debtor, with the intent to revive the business.

8

the auction of the personalty–the debtor company was no longer able to continue manufacturing dyes.  The Bankruptcy Court also considered a liquidation analysis report that concluded that the creditors would receive more in liquidation than in Chapter 11 reorganization.  Also, the Bankruptcy Court concluded that Raza's motion for removal of the Trustee, based on allegations of a conspiracy with certain creditors and of unauthorized sales of assets, was unfounded.  In addition, the Bankruptcy Court approved the Trustee's sale of Rose Color's real estate for the sum of $500,000, having concluded that the Trustee had sought to sell the realty in good faith and for fair market value, that the proposed purchaser was a good faith buyer, that the process was in conformance with the applicable bankruptcy rules and code provisions, and that the sale was in the interest of the estate.

The Trustee contends that Raza lacks standing to appeal these orders.  Appellate standing in bankruptcy cases is limited to "persons aggrieved."  Travelers Ins. Co. v. H.K. Porter Co., 45 F.3d 737, 741 (3d Cir. 1995).  Within this context, litigants are "persons aggrieved" if the order "diminishes their property, increases their burdens, or impairs their rights."  In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993).  Only those "whose rights or interests are directly and adversely affected pecuniarily" by the Bankruptcy Court's order may bring an appeal.  In re PWS Holding Corp., 228 F.3d 224, 249 (3d Cir. 2000) (internal citation omitted).  Whether a litigant has standing to appeal is generally a factual issue to be determined by the District Court.  In re Dykes, 10 F.3d

at 188.

Here, the District Court determined that Raza is not a person aggrieved for purposes of the orders at issue, noting that Raza had not presented evidence to show that he is a creditor or other "person aggrieved."[11] Raza argues that he is an aggrieved party because he is a "main creditor and debtor who filed Chapter 11 petition and not Chapter 7."[12] Appellant's Brief at 13. He also contends that he is aggrieved by, among other things, his loss of employment and his loss of business opportunity due to interference by the Trustee. Although Raza may have grievances with his circumstances, the adverse pecuniary effects stem from the fact of his former employer's bankruptcy, not from the particular orders of the Bankruptcy Court at issue.

## IV. Conclusion

We have considered all of the arguments in Raza's submissions to this Court, and we find them to be unavailing. We will dismiss the appeals by Azmat Raza for lack of jurisdiction. We will dismiss Raza's appeal in C.A. No. 05-5383 for lack of jurisdiction. We will dismiss Raza's appeal in C.A. No. 05-5103 for lack of standing.

---

[11] We note that Raza's precise status in the bankruptcy appears to be dispute. On appeal, Raza maintains that he is a creditor of Rose Color, while the Trustee characterizes Raza as a mere former employee. The Trustee has filed a motion in Bankruptcy Court to expunge Raza's claims, but, according to the Bankruptcy Court docket, that motion is still pending.

[12] Certain statements in Raza's brief suggest that he places himself in the shoes of the debtor. However, Raza has been pursuing his claims as a pro se creditor, while Rose Color has been represented by Strasser & Associates, P.C.