**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3908
_____

UNITED STATES OF AMERICA

v.

LEONARD PAULK,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-03-cr-00228-002)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2011

Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: December 5, 2011)
_____

OPINION
_____

PER CURIAM

Leonard Paulk appeals from an order of the United States District Court for the

District of New Jersey.  For the reasons that follow, we will dismiss the appeal for lack of

appellate jurisdiction.

1

I.

In 2005, following a jury trial, Paulk was convicted in the District Court of one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 2. He was sentenced to life imprisonment and we affirmed his conviction. See United States v. Paulk, 298 F. App'x 206 (3d Cir. 2008). Soon thereafter, Paulk began to file a series of post-judgment documents in the District Court in his criminal case, and began sending various materials to the prosecuting Assistant United States Attorney (AUSA).

In March 2010, the Government moved to strike Paulk's post-judgment filings and restrict his ability to make future filings with the Court. The Government argued that Paulk's filings were designed to harass and threaten the District Judge, the prosecutor, and other government personnel. Following a show cause hearing on the motion, the District Court determined that Paulk's filings with the Court and mailings to the AUSA were of a vexatious and harassing nature and issued an injunctive order, pursuant to 28 U.S.C. § 1651, barring Paulk from filing any document or pleading with the court as a pro se litigant, unless he first seeks and receives permission to file via procedures set forth by the court. The District Court also ordered that all of Paulk's post-judgment filings be stricken from the record.

2

The order was entered on June 22, 2010 and, on September 20, 2010, Paulk filed a notice of appeal.[1] Subsequent to his appeal, on October 8, 2010, Paulk filed a motion in the District Court to reopen the time for appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. In his motion, Paulk stated that he did not receive a copy of the District Court's order until September 14, 2010.[2] The District Court granted the motion. Paulk now seeks review of the District Court's June 22, 2010 order enjoining him from filing further pro se pleadings without permission from the Court. The Government argues that we lack jurisdiction over the appeal because Paulk filed an untimely notice of appeal.

II.

We cannot reach the merits of an appeal unless we have appellate jurisdiction. See Poole v. Family Court of New Castle Cnty., 368 F.3d 263, 264 (3d Cir. 2004).

Paulk argues that because the District Court granted his request to reopen the time to appeal pursuant to Rule 4(a)(6), his notice of appeal is timely and we have jurisdiction over the appeal. Implicit in Paulk's argument is that this is a civil case. Id. at 266 (Rule 4(a)(6) has no applicability to criminal cases). Paulk's argument is supported by the District Court's treatment of the case as civil matter, despite its having been filed on

---

[1] In Houston v. Lack, 487 U.S. 266, 276 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed filed at the moment when he or she delivers it to prison authorities for forwarding to the court clerk.

[2] Paulk's claim is supported by the District Court record, which reflects that on July 13, 2010, the order sent to Paulk was returned to the court as undeliverable.

3

Paulk's criminal docket. See, United States v. Lavin, 942 F.2d 177, 181-82 (3d Cir 1991).

On appeal, the Government argues the notice of appeal was untimely filed and that we lack jurisdiction over the appeal pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure. Upon review, we agree with the Government that, we lack jurisdiction to consider the appeal because Paulk did not file a timely notice of appeal.

Paulk filed his notice of appeal beyond the time prescribed under Rule 4(a)(1)(B). Under Rule 4(a)(1)(B), a party has sixty days to appeal from a judgment in a case in which "the United States or its officer or agency is a party." Id. The time limit for filing a notice of appeal under that rule is a jurisdictional requirement. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

The District Court's order was entered on June 22, 2010, and Paulk deposited his notice of appeal in his prison's internal mail system on September 20, 2010, beyond the 60-day period prescribed under Rule 4(a)(1)(B). Paulk argues, however, that he did not receive notice of the entry of the District Court's order until September 14, 2010. As mentioned, subsequent to his filing a notice of appeal, Paulk filed in the District Court a motion to reopen pursuant to Rule 4(a)(6), arguing that the time period for filing an appeal should be reopened because he did not receive a copy of the District Court's order until several months after it had been entered.

Under Rule 4(a)(6), the District Court is empowered to reopen the time to appeal for a 14 day period if the court finds that: (A) the moving party did not receive notice of

4

the entry of judgment within 21 days after entry; (B) the motion is filed within 180 days after entry of the judgment, or within 14 days after proper notice of entry of judgment, whichever is earlier; and (C) no party would be prejudiced. See Fed. R. App. P. 4(a)(6).

The District Court granted Paulk's Rule 4(a)(6) motion, finding that the motion was timely filed and that Paulk had demonstrated "good cause" for reopening the time to appeal. The record demonstrates, however, that Paulk filed his motion beyond the 14-day time limit prescribed in Rule 4(a)(6)(B). Paulk received a copy of the order on September 14, 2010, but did not place a copy of his motion to reopen into the prison mail system until more than 20 days later, on October 8, 2010.

For purposes of determining the filing date of the motion to reopen, the District Court appears to have relied on the date that Paulk filed his notice of appeal, rather than the date that he filed his Rule 4(a)(6) motion. Indeed, Paulk filed his notice of appeal within 14 days of receiving notice of entry of the District Court's June 22, 2010 order. However, we have previously determined that a notice of appeal may not be treated as a motion to reopen under Rule 4(a)(6). See Poole, 368 F.3d at 268.

Because Paulk's 4(a)(6) motion was untimely, the appeal must be dismissed notwithstanding the District Court's order granting the motion. As we stated earlier, the time limit for filing a notice of appeal under Rule 4(a)(1)(B) is a jurisdictional requirement. Bowles, 551 U.S. at 214. In Bowles, the Supreme Court further explained that the requirements of Rule 4(a)(6) are jurisdictional because they derive from federal statute. Id. at 213 (citing 28 U.S.C. § 2107(c)). Here, because the requirement of Rule

5

4(a)(6) is statutory and Paulk failed to file his notice of appeal "in accordance with the statute," id., the appeal must be dismissed for lack of jurisdiction.

Accordingly, we will dismiss Paulk's appeal for lack of appellate jurisdiction. The Government's motion to dismiss and for summary action is dismissed as moot.[3]

---

[3] Appellant's outstanding motions are also dismissed as moot.