**ALD-277**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2858
_____

UNITED STATES OF AMERICA

v.

ALBERTO FIGUEROA, a/k/a Lucky,
                                            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 5-10-cr-00335-001)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Dismissal as Untimely or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2012
Before:  SLOVITER, FISHER and WEIS, <u>Circuit Judges</u>
(Opinion filed: September 17, 2012)
_____

OPINION
_____

PER CURIAM.

Alberto Figueroa appeals the order of the District Court, which denied his motion

to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  We will summarily affirm

1

because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.

## I.

On June 21, 2011, Figueroa pleaded guilty to conspiracy to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846, six counts of distribution of crack, and five counts of distribution near a school, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the Government and Figueroa stipulated that he was responsible for the distribution of 128 grams of crack and that the appropriate sentence was 120 months' imprisonment. On September 21, 2011, the District Court imposed the agreed-upon sentence.

Figueroa pro se filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines. On June 8, 2012, the District Court denied the motion, noting that Figueroa had already received the benefit of Amendment 750.

Figueroa filed a notice of appeal on June 25, 2012. This Court advised the parties that this matter would be considered for possible dismissal for lack of timeliness and also for possible summary action. In response, Figueroa claimed that the District Court did not mail him notice of its order until June 19, 2012, and that the appeal period should have commenced on that date. The Government did not respond.[1]

---

[1] Figueroa was required to file a notice of appeal within fourteen days after entry of the order. Fed. R. App. P. 4(b)(1)(A). Despite the benefit of the prisoner mailbox rule,

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's legal interpretation of relevant statutes and guidelines, and we review for abuse of discretion the District Court's ultimate ruling on a motion to reduce a sentence pursuant to § 3582(c)(2).[2]  See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

## III.

The Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), altered the statutory penalties for crack cocaine offenses and directed the Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as [it] determine[d] necessary to achieve consistency with other guideline provisions and applicable law."  Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012) (quoting the FSA § 8, 124 Stat. 2374).  In response to the FSA, the Commission

---

Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c), Figueroa's notice of appeal was untimely.  His claim that the District Court delayed proper notice of its decision does not toll the appeal period. Long v. Atl. City Police Dep't, 670 F.3d 436, 442-43 (3d Cir. 2012) (discussing Poole v. Family Ct. of New Castle Cnty., 368 F.3d 263 (3d Cir. 2004)).  Rule 4(b) is a non-jurisdictional, "rigid" deadline. Gov't of V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010).  "Upon proper invocation of the rule when a notice of appeal is filed out of time, we must dismiss the appeal." Id. at 328-29.  The Government's lack of response constitutes a forfeiture of any available untimeliness argument. Id. at 329.

[2]  Section 3582(c)(2) grants a sentencing court discretion to reduce the prison term of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … [provided] a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

promulgated a temporary amendment that reduced the base offense levels for most crack cocaine offenses that became effective on November 1, 2010. Amendment 750 re-promulgated the temporary amendment as permanent and became effective November 1, 2011. Dorsey, 132 S. Ct. at 2329.

Here, the probation office applied the temporary amendment to its calculation of Figueroa's sentencing guideline range, resulting in a range identical to that suggested by Amendment 750.[3] The District Court adopted the guideline range and imposed the agreed-upon sentence of 120 months' incarceration.

**IV.**

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

[3] Under both the temporary amendment and Amendment 750, the sentencing guideline range is 97 to 121 months' incarceration.