CLD-411                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2787
_____

UNITED STATES OF AMERICA,

v.

GARY EUGENE MOORE,
                                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cr-00101-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal as Untimely or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 29, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2013)
_____

OPINION
_____

PER CURIAM

        Gary Eugene Moore appeals the District Court's dismissal of his motion for a

reduction of sentence.  We will summarily affirm because no substantial question is

presented by this appeal.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.

On May 25, 2005, Moore pleaded guilty to a one-count felony information charging him with possession with intent to distribute cocaine base, also known as crack cocaine. See 21 U.S.C. § 841(a)(1). A presentence report (PSR) was prepared using the Sentencing Guidelines in effect on November 1, 2004. The PSR set Moore's base offense level at 34, using a drug quantity of 321.2 grams of crack cocaine. The base offense level was increased by two points for the involvement of a firearm in the offense, resulting in an adjusted offense level of 36. Three points were then deducted for Moore's acceptance of responsibility in the matter, leaving him with a total offense level of 33. The PSR placed Moore in Criminal History Category VI, resulting in a Guideline range of 235 to 293 months, narrowed to 235 to 240 months because the statutory maximum sentence was 240 months. At sentencing, the District Court varied from the Guidelines range and imposed a total sentence of 199 months of incarceration. Moore did not file a direct appeal, nor did he file a motion to vacate his sentence under 28 U.S.C. § 2255.

On February 3, 2009, Moore filed a counseled motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines. The District Court granted the motion, reducing Moore's base offense level from 34 to 32. On March 30, 2009, Moore was resentenced to 156 months of imprisonment.

On November 7, 2011, Moore filed a pro se motion seeking a further reduction in his sentence based upon the Fair Sentencing Act of 2010 ("FSA"), which sought to equalize the penalties imposed for offenses involving powder cocaine and those involving crack cocaine, and Amendment 750 to the Guidelines, which implemented the

2

FSA. On April 30, 2013, the District Court denied the motion. In doing so, the District Court noted that Moore was not eligible for a sentence reduction because the relevant Amendments did not alter the offense level applicable to Moore's conduct. Thus, his sentencing range did not change.

On May 10, 2013, Moore filed another motion for a reduction of his sentence, arguing that the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), supports his position that he should receive the benefit of the FSA's new mandatory statutory minimum terms, even though Congress enacted the FSA after Moore was sentenced. The District Court dismissed the motion on May 15, 2013, noting that Dorsey did not alter the conclusion that the FSA does not apply retroactively to defendants like Moore who were sentenced before its passage.

Moore filed a notice of appeal on June 14, 2013, seeking review of the District Court's May 15, 2013 order. This Court advised the parties that this matter would be considered for possible dismissal for lack of timeliness and also for possible summary action. In response, Moore claimed that there was "untimely and defective service" of the District Court's order, that he did not receive a copy of the order until June 7, 2013, and that the appeal period should have commenced on that date. The Government did not respond.[1] We will thus exercise jurisdiction over Moore's appeal of the May 15, 2013

---

[1] Moore was required to file a notice of appeal within fourteen days after entry of the order. Fed. R. App. P. 4(b)(1)(A). Despite the benefit of the prisoner mailbox rule, Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c), Moore's notice of appeal was untimely. His claim that the District Court delayed proper service of its decision does not toll the appeal period. Long v. Atl. City Police Dep't, 670 F.3d 436, 442-43 (3d Cir. 2012) (discussing Poole v. Family Ct. of New Castle Cnty., 368 F.3d 263

3

order.[2]  See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (holding that the court may exercise jurisdiction where the Government fails to object to the timeliness of an appeal in a criminal case).

The District Court correctly determined that Moore is not entitled to relief under Dorsey.  Although the Sentencing Commission decided that Amendment 750 should be applied retroactively, see United States v. Curet, 670 F.3d 296, 309-10 (1st Cir. 2012), the FSA itself is not retroactively applicable to defendants (like Moore) who were sentenced before its effective date.[3]  See United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010); see also Dorsey, 132 S. Ct. at 2335 (noting that the ordinary practice in federal sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced").  Instead, Dorsey specifically held that the FSA applies to defendants who committed their offenses before the FSA was enacted but were sentenced after its effective date.  Dorsey, 132 S. Ct. at

_____

(3d Cir. 2004)).  Rule 4(b) is a non-jurisdictional, "rigid" deadline.  Gov't of V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010).  "Upon proper invocation of the rule when a notice of appeal is filed out of time, we must dismiss the appeal."  Id. at 328-29.  However, the Government's lack of response constitutes a forfeiture of any available untimeliness argument.  Id. at 329.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and review the District Court's ruling for abuse of discretion.  See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  To the extent Moore also seeks review over the District Court's earlier April 30, 2013 order, we decline to do so, because Moore did not specifically name that order in his notice of appeal, and because his notice of appeal is untimely as to that order.

[3] Of course, the District Court determined earlier that Moore cannot benefit from Amendment 750.

2326.  Accordingly, Moore's reliance on <u>Dorsey</u> is misplaced because he committed his offenses and was sentenced prior to the FSA's effective date of August 3, 2010.

For these reasons, we will summarily affirm the District Court's order.