W.T. PARKER, Plaintiff-Appellant,

v.

C.G. STRICKLAND, et al.,
Defendants-Appellees.

No. 83–3423
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1984.

filing notice. Even a *pro se* appellant must make a specific motion for an extension. *Brooks v. Britton,* 669 F.2d 665, 6687 (11th Cir.1982). The approach would be different if this were a criminal case. We would treat the notice of appeal as a motion for extension of time if it were filed within the forty days following the entry of final judgment in the case. *United States v. Ward,* 696 F.2d 1315, 1317 (11th Cir.) *cert. denied,* —— U.S. ——, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). *Compare* Fed.R.App.P. 4(b) *with* Fed.R.App.P. 4(a).

The appeal is therefore

DISMISSED.

F. Philip Blank, Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Final judgment was entered in this case on April 26, 1983. Appellant filed his notice of appeal fifty-seven days later, on June 22.

A notice of appeal is timely if filed within thirty days after the entry of final judgment. Fed.R.App.P. 4(a)(1). An appellant can obtain an extension of time to appeal, based on excusable neglect, if he files a motion for such extension not later than thirty days after the time allotted for