**Tyrone Glen SANDERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 96–6886.**

United States Court of Appeals, Eleventh Circuit.

May 9, 1997.

---

Tyrone Glen Sanders, LaTuna, NM, Pro Se.

George Martin, Mobile, AL, for Respondent–Appellee.

Before TJOFLAT, COX and DUBINA, Circuit Judges.

PER CURIAM:

The appellant in this case asks us to reconsider our order of January 6, 1997, dismissing his appeal for lack of jurisdiction. We issued this order because the appellant filed his notice of appeal after the time allotted by Fed. R.App. P. 4(a)(1). Upon reconsideration, we vacate our earlier order and remand to the district court for a determination of whether the time for the appellant to file his notice of appeal should be reopened pursuant to Fed. R.App. P. 4(a)(6).

The appellant, proceeding *pro se*, seeks to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. We originally dismissed this appeal for lack of jurisdiction because the appellant filed his notice of appeal more than sixty days after the entry of the district

court's order denying his motion. The order was entered on June 19, 1996. Pursuant to Fed. R.App. P. 4(a)(1), the appellant had until August 19, 1996, to file a notice of appeal.[1]

 The appellant's notice of appeal bore a ·certificate of service dated August 28, 1996, and was filed by the district court on August 30, 1996. For Rule 4(a)(1) purposes, his notice of appeal is deemed filed on the date he delivered it to prison authorities, which we assume was August 28, 1996, several days after the rule 4(a)(1) deadline.[2] *See Houston v. Lack*, 487 U.S. 266, 271–72, 108 S.Ct. 2379, 2382–83, 101 L.Ed.2d 245 (1988).

 Citing Fed.R.Civ.P. 77(d), we held that lack of notice of entry of an order does not excuse the failure to file a timely notice of appeal. We then noted that we customarily treat a late notice of appeal in a criminal case as a motion for an extension of time pursuant to Fed. R.App. P. 4(b) and remand the case to the district court for a determination of excusable neglect.[3] *See, e.g., United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir.), *cert. denied*, 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). We declined to remand in this case, however, because in civil actions, a formal motion for extension of time pursuant to Fed. R.App. P. 4(a)(5) must be filed in the district court.[4] *See, e.g., Parker v. Strickland*, 728 F.2d 1406, 1407 (11th cir. 1984); *Brooks v. Britton*, 669 F.2d 665, 666–67 (11th Cir.1982). Thus, we dismissed the appeal rather than remanding it to the district court.

The appellant argues in the instant motion that we should allow his appeal to continue pursuant to Rule 4(a)(5) because he can show excusable neglect for not filing his notice of appeal on time. In his notice of appeal, he stated that he did not receive the district court's order denying his § 2255 motion until August 26, 1996. If he can prove this allegation, the most appropriate means of obtaining an extension would not be a motion pursuant to subsection five of Rule 4(a). Subsection six provides a more lenient rule for a litigant in the appellant's situation. It provides,

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Fed. R.App. P. 4(a)(6).

 Thus, the proper question before us is whether we should treat his late notice of appeal as a motion pursuant to Rule 4(a)(6) and remand the case to the district court. This is an issue of first impression in our circuit. Our case law establishes the following two relevant rules for *pro se* appellants: (1) in criminal cases, we treat a late notice of appeal as a motion for extension of time due to excusable neglect under Rule 4(b) and remand the case to the district court; and (2) in civil cases, we refuse to treat a late notice of appeal as a motion for extension of time

---

1. Rule 4(a)(1) requires that, in a civil action in which the United States is a party, a litigant seeking to appeal a district court's decision must file a notice of appeal with the clerk of the district court within 60 days of entry of the judgment or order from which he or she seeks to appeal. An appeal from an order denying relief under 28 U.S.C. § 2255 is governed by this rule. *See* R. Governing § 2255 Proceedings for U.S. Dist. Cts. 11.

2. The determination of the date he delivered his notice of appeal to prison authorities is a factual question for the district court to resolve on remand.

3. Rule 4(b) states, in relevant part,

> Upon a showing of excusable neglect, the district court may—before or after the time has expired, with or without motion and notice— extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

Fed. R.App. P. 4(b).

4. This subsection of Rule 4(a) states in relevant part, "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed. R.App. P. 4(a)(5).

due to excusable neglect under Rule 4(a)(5) and accordingly dismiss the appeal. *Compare Ward,* 696 F.2d at 1317–18 (criminal cases), *with Parker,* 728 F.2d at 1407, *and Brooks,* 669 F.2d at 667 (civil cases).

Although at first blush it seems that *Parker* and *Brooks* should control,[5] there are powerful reasons to apply the approach in *Ward,* at least when a *pro se* litigant files a late notice of appeal because he did not receive notice of the entry of the order or judgment from which he seeks to appeal. First, the addition of Rule 4(a)(6), with its more liberal provisions for extension of time, suggests that notices of appeal filed late because the appellant did not receive notice of the judgment should be treated differently (and more favorably) than those filed late for other reasons (i.e., those governed by Rule 4(a)(5)'s excusable neglect standard). Second, when through no fault of his own, a *pro se* litigant does not receive notice of the order from which he seeks to appeal, it would be unjust to deprive him of the opportunity to present his claim to this court.[6]

■ Third, we have a duty to "liberally construe [a *pro se* litigant's] assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base." *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir.1991); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (noting that *pro se* pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers"). Finally, following the approach in *Parker* and *Brooks* in a case where a prisoner alleges that he did not receive notice of the judgment or order from which he seeks

to appeal would allow prison officials to block his access to our court by ensuring that he does not receive notice of an adverse decision until after the time provided by Rule 4(a)(1). This is one of the main concerns that led the Supreme Court to hold that a prisoner's notice of appeal is deemed filed when delivered to prison authorities. *See Houston,* 487 U.S. at 271–272, 108 S.Ct. at 2382–83; *cf. Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir.1993) ("As defendants in a pro se prisoner's civil rights action, prison officials 'may have every incentive to delay,' and, even if he suspects delay by prison authorities, the pro se prisoner is helpless to investigate or prove such dilatoriness.") (quoting *Houston,* 487 U.S. at 271, 108 S.Ct. at 2382).

■ These considerations lead us to distinguish *Parker* and *Brooks* from the instant case. Neither case involved Rule 4(a)(6) or any allegation that the appellant did not receive timely notice of the entry of the judgment or order from which the appellant sought to appeal. While precedent makes clear that we may not treat an untimely filed notice of appeal in a civil case as a motion for an extension of time under Rule 4(a)(5), we hold that when a *pro se* appellant alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within twenty-one days of its entry, we must treat his notice as a Rule 4(a)(6) motion and remand to the district court for a determination of whether the appellant merits an extension under that rule.

For the foregoing reasons, we GRANT the appellant's motion "to reinstate appeal," construed as a motion for reconsideration, VA-

---

**5.** The language of Rule 4(a)(6) is more similar to the language of Rule 4(a)(5) than to the language of Rule 4(b). The main difference is that a district court can provide a Rule 4(b) extension *sua sponte,* while an extension under either Rule 4(a)(5) or Rule 4(a)(6) requires a motion. The reasoning in *Brooks* was based in part on the different language in Rules 4(a)(5) and 4(b). *See Brooks,* 669 F.2d at 667.

This difference in language is not dispositive, however. Construing a *pro se* litigant's late notice of appeal as a Rule 4(a)(6) motion satisfies that Rule's requirement for a motion. Nothing in our procedural rules purports to limit our "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether

the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan,* 915 F.2d 622, 624–25 (11th Cir.1990), *cert. denied,* 499 U.S. 979, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991).

**6.** If we were to dismiss the appellant's notice of appeal in the instant case, he would not be permitted to file a Rule 4(a)(6) motion because more than seven days have passed since he received notice of the entry of judgment. Similarly, a Rule 4(a)(5) motion would be barred because more than thirty days have passed since the end of the time to file his notice of appeal. The appellant thus would be shut out from any chance to appeal the district court's order.

CATE our January 6, 1997, order dismissing this appeal, and REMAND the case to the district court for further proceedings consistent with this opinion.