**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-1447**

—————————

ELIZABETH A. REEVES,

Plaintiff - Appellant,

versus

ST. MARY'S COUNTY COMMISSIONERS; BOARD OF
APPEALS FOR ST. MARY'S COUNTY, MARYLAND;
DEPARTMENT OF PLANNING AND ZONING FOR ST.
MARY'S COUNTY, MARYLAND; HEALTH DEPARTMENT;
DEPARTMENT OF ENVIRONMENTAL HEALTH; SUSAN
MCNEAL; HOWARD THOMPSON; SPENCER SCRIBER;
TERRY MILLER; MARGARET ABRAHAM; LAWRENCE E.
ROWLAND; JON B. GRIMM; DANIEL H. RALEY;
SHELBY P. GUAZZO; J. THOMAS MATTINGLY, JR.;
JOSEPH ANDERSON; JULIE RANDALL,

Defendants - Appellees.

—————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(CA-02-2449-8)

—————————

Submitted: October 29, 2004      Decided: November 24, 2004

—————————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

—————————

Remanded by unpublished per curiam opinion.

—————————

Elizabeth A. Reeves, Appellant Pro Se. Daniel Karp, ALLEN,
KARPINSKI, BRYANT & KARP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Elizabeth A. Reeves' civil suit was dismissed by final order filed on June 13, 2003, and entered three days later on June 16. In her "Motion for Reconsideration and Recusal of Judge Williams," filed on August 15, 2003, Reeves alleged that she did not timely receive notice of the court's final order and that she wished to appeal. In her untimely notice of appeal, Reeves again alleged that she did not timely receive notice that her action had been dismissed. We construe Reeves' statement in her "Motion for Reconsideration" as a motion to reopen the time to note an appeal under Fed. R. App. P. 4(a)(6). See Sanders v. United States, 113 F.3d 184, 187-88 (11th Cir. 1997); Ogden v. San Juan County, 32 F.3d 452, 454 (10th Cir. 1994).

Rule 4(a)(6) permits a district court to reopen the appeal period if: (a) the motion is filed within 180 days after the judgment or order is entered or within seven days after the moving party receives notice of the entry, whichever is earlier; (b) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within twenty-one days after entry; and (c) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Here, it is unclear whether Reeves has met the requirements of the Rule. Accordingly, we remand the case to the

district court for it to determine whether Reeves can satisfy the requirements of Rule 4(a)(6). We express no opinion as to whether Reeves has met the requirements of the Rule. The record, as supplemented, will then be returned to this court for further review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED