[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 28, 2006
THOMAS K. KAHN
CLERK

No. 06-10300
Non-Argument Calendar

_____

Agency Nos. BRB 03-322 & 06-105253

VERNON J. BELLAMY,

Petitioner,

versus

DIRECTOR, OWCP,
INTERMARINE USA,

Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board

_____

**(September 28, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Vernon J. Bellamy, proceeding pro se, petitions for review of the Benefits Review Board's ("BRB") order affirming the denial of his request to modify a workers' compensation award, pursuant to the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 922, and the BRB's affirmance of the administrative law judge's ("ALJ") decision granting him reimbursement for $32.23 in out-of-pocket medical expenses, pursuant to 33 U.S.C. § 907.

Bellamy, a machinist and former employee of Intermarine, sustained an injury to his neck when a pipe struck his head at work on July 24, 1995. Intermarine voluntarily paid temporary total disability benefits from the date of Bellamy's injury until November 13, 1995, the date he was released to return to work. Bellamy subsequently filed a claim under the LHWCA, seeking temporary total disability benefits after November 13, 1995, and reimbursement for medical bills incurred at the Veteran's Administration Hospital. The ALJ found that Bellamy was temporarily totally disabled from the time of injury until February 14, 1996. The ALJ held Intermarine liable for all work-related medical expenses, but denied reimbursement for certain medical bills from the Veterans' Administration Hospital because Bellamy did not establish a causal connection to his work-related neck injury. Bellamy did not appeal this decision to the BRB.

On September 21, 2001, Bellamy filed a request for modification of the prior award, claiming that he had been receiving treatment at the Veterans' Administration Hospital since 1995 and was entitled to additional disability benefits. At a hearing regarding his request for modification, an insurance adjuster for Intermarine's insurance carrier testified that the insurer last disbursed benefits to Bellamy on January 28, 1999. The ALJ found that Bellamy's request for modification was time-barred because Bellamy did not file his request within one year after he received that last payment of compensation. Bellamy appealed the ALJ's decision to the BRB, and the BRB affirmed the ALJ's decision denying Bellamy's request for modification. However, because Bellamy's request for modification also appeared to contain a request for additional benefits, which is never time-barred, the BRB remanded Bellamy's case to the ALJ to address whether Bellamy was entitled to reimbursement for additional medical expenses.

On remand, the ALJ found that Bellamy did not meet his burden of showing that the expenses for which he sought reimbursement, except for $6.60 in cab fare and $25.63 for a cervical traction kit, were reimbursable because he did not establish that the expenses were reasonable and necessary for treatment of his work-related injury. The BRB affirmed the ALJ's decision.

On appeal, Bellamy argues that several physicians committed perjury and falsified documents in relation to his 1998 hearing. Section 921(c) of the

3

Administrative Procedures Act ("APA") states that we have jurisdiction to review BRB decisions if the aggrieved party files a written petition "within sixty days following the issuance of such [BRB] order." 33 U.S.C. § 921(c); see Brown v. Dir., OWCP, 864 F.2d 120, 121 (11th Cir. 1989) (holding that 33 U.S.C. § 921(c) limits our subject matter jurisdiction to review of petitions filed within 60 days of issuance of BRB's order). Bellamy did not file a petition for review of the ALJ's 1998 decision. Accordingly, we lack jurisdiction to review his claims that the ALJ relied on perjured testimony and falsified records.

Bellamy also argues that he filed all appeals in a timely manner, which suggests that he claims that his request for modification was timely. In addition, in his petition for review, he requests that we reverse all the BRB's decisions. Accordingly, we review the BRB's order, which affirmed the ALJ's denial of Bellamy's request for modification, because we construe a pro se appellant's pleadings liberally. See Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997) (holding that we should liberally construe a pro se appellant's pleadings).

Section 921(b)(3) of the LHWCA provides that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). We have held that the ALJ's decision is reviewable "only as to whether [it is] in accordance with law and supported by substantial evidence in light of the entire record."

4

Lollar v. Alabama By-Products Corp., 893 F.2d 1258, 1261 (11th Cir. 1990).

"[S]ubstantial evidence" means evidence that "a reasonable person might accept as adequate to support a conclusion." Id. at 1262. If the facts permit diverse inferences, we must defer to the ALJ's findings because the ALJ alone is charged with the duty of selecting the inference that seems most reasonable, and his decision may not be disturbed if supported by the evidence. Fulks v. Avondale Shipyards, Inc., 637 F.2d 1008, 1011 (5th Cir. 1981). "Because [] [we] appl[y] the same standard of review to ALJ decisions as does the BRB, our review of BRB decisions is de novo." Lollar, 893 F.2d at 1261.

The modification of a workers' compensation award on the ground of a change in condition may be made at any time prior to one year after the last payment of compensation or after the rejection of a claim or review of a case. 33 U.S.C. § 922. "Such a modification may be made either on the ground of changed conditions or on the ground of a mistake in the original determination of disability." Hole v. Miami Shipyards, Corp., 640 F.2d 769, 772 (5th Cir. Unit B 1981). Substantial evidence supports the ALJ's finding that Bellamy's request for modification was time-barred because Bellamy did not file his request for modification until September 2001, more than one year after the last payment of compensation, which was January 28, 1999. See 33 U.S.C. § 922. Accordingly,

5

we affirm the BRB's denial of Bellamy's request for modification of his workers' compensation award.

Finally, although Bellamy does not specifically address whether the ALJ erred in reimbursing him for only $32.23 in medical expenses, he states that he wishes us to review all orders by the BRB. Accordingly, we construe his brief liberally and review the BRB's final order affirming the ALJ's finding that Bellamy was entitled to reimbursement for only $32.23 in out-of-pocket expenses. See Sanders, 113 F.3d at 187.

The LWHCA provides for compensation to employees who are disabled while in the course of maritime employment for injuries that they sustained upon the navigable waters of the United States. 33 U.S.C. §§ 902, 903. The LWHCA states that "[t]he employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus, for such period as the nature of the injury or the process of recovery may require." 33 U.S.C. § 907(a). "Injury" is defined as "accidental injury or death arising out of and in the course of employment." 33 U.S.C. § 902(2). In order for medical expenses to be assessed against an employer, the claimant must establish that the expense is work-related and reasonable and necessary for the treatment of his work-related injury. See Ingalls Shipbuilding, Inc. v. Director, OWCP, 991 F.2d 163, 165 (5th Cir. 1993) (holding that "[m]edical benefits are

6

covered by [33 U.S.C. § 907], which entitles a claimant to reasonable and necessary medical services if he suffers a work-related injury").

Substantial evidence supports the BRB's affirmance of the ALJ's finding that Bellamy did not establish that the medical expenses for which he seeks reimbursement were necessary and reasonable for treatment of his work-related injury. First, Bellamy claims that he should be reimbursed for medical expenses for nine prescriptions, but the records from the Veterans' Administration Hospital fail to state whether the medications were prescribed to treat Bellamy's 1995 work-related injury. While the records indicate that Bellamy was prescribed Hydrocodone and Propoxyphene for pain, the records do not state the cause of the pain, its location, or whether it was the result of Bellamy's work injury. Without further information, the ALJ could not determine which, if any, of the medications were prescribed to treat Bellamy's work-related injury. In fact, it appears that many of the medications were prescribed to treat conditions seemingly unrelated to Bellamy's work-related injury. For example, the record reflects that (1) gabapentin is an anticonvulsant; (2) amitriptyline and setraline are antidepressants; (3) atenolol is a beta blocker; (4) felodipine is used to treat high blood pressure; (5) ranitidine is used to treat stomach problems; and (6) salsalate is used to treat arthritis.

Although the evidence permits the inference that Bellamy's doctors prescribed medication to treat his neck due to the work-related injury, it does not

expressly make that causal connection. Moreover, the evidence does not indicate whether Bellamy's subjective complaints were legitimate, such that the medication, if it was used to treat his work-related condition, was actually necessary. Because a reasonable interpretation of the evidence shows that Bellamy failed to establish the requisite causal connection between the medications and his work-related injury, we defer to the ALJ's findings. See Fulks, 637 F.2d at 1011.

Second, the Revco bill for Cyclobenzaprine and Hydrocodone did not state why the medications were prescribed. Third, Bellamy's request for mileage reimbursement did not include the number of miles traveled or the purpose of the doctor's visit, rendering it impossible to determine what expenses were incurred and whether those expenses were reasonable and related to Bellamy's work injury. Fourth, the receipt for Bellamy's office visit to the doctor, dated November 2, 1995, does not include the doctor's name or the purpose of the visit. Finally, Bellamy's argument that the Department of Labor removed medical records and transcripts from the record is without merit because the Department of Labor sent the official record, including the transcripts and all submissions by the parties. In sum, Bellamy did not meet his burden of establishing that each of the expenses for which he sought reimbursement were necessary and reasonable for treatment of his work-related injury. Accordingly, we affirm the BRB's decision.

**AFFIRMED.**