**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ewin Oscar MARTINEZ, Defendant–Appellant.**

**No. 06–11630
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 2006.

Ewin Oscar Martinez, Coleman, FL, pro se.

Lisette M. Reid, Anne R. Schultz, Dawn Bowen, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Ewin Oscar Martinez, a *pro se* federal prisoner serving a life sentence, appeals the district court's denial of his "Motion for Request Preserved Error Review as to Sentencing," which he filed in his original criminal case, pursuant to Rules 201(d) and (f) of the Federal Rules of Evidence.[1] Because Martinez's Notice of Appeal ("NOA") was not timely, but was filed within the 40–day extension period allowed in criminal cases, we lack jurisdiction and remand the matter to the district court for further proceedings consistent with this opinion.

We review questions of jurisdiction *de novo. United States v. Cartwright,* 413 F.3d 1295, 1299 (11th Cir.), *cert. denied* —— U.S. ——, 126 S.Ct. 1116, 163 L.Ed.2d 924 (2006). Rule 4 of the Federal Rules of Appellate Procedure requires a criminal litigant to file his NOA "within ten days after the later of . . . the entry of the judgment or the order being appealed." Fed. R.App. P. 4(b)(1)(A)(i); *see also United States v. Phillips,* 225 F.3d 1198, 1199 (11th Cir.2000). "Absent the filing of a timely notice of appeal, a Court of Appeals is without jurisdiction to review the decision on the merits." *Cartwright,* 413 F.3d at 1299. A judgment or order is entered for purposes of Rule 4(b) when it is entered on the criminal docket. Fed. R.App. P. 4(b)(6).[2] However, under Rule 4(b), upon a finding of excusable neglect or good cause, the district court may extend the time for filing the NOA "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)." Fed. R.App. P. 4(b)(4).

"In criminal cases, [we have] customarily treated a late notice filed after the

---

1. We previously affirmed the convictions and sentences of Martinez and his codefendants. They were convicted of conspiracy to commit hostage-taking, in violation of 18 U.S.C. § 1203(a); hostage-taking, in violation of 18 U.S.C. § 1203(a); conspiracy to commit car-jacking, in violation of 18 U.S.C. § 1203(a); car-jacking, in violation of 18 U.S.C. §§ 2119(2) and 2; and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. *See*

*United States v. Ferreira,* 275 F.3d 1020 (11th Cir.2001).

2. A *pro se* prisoner's NOA is deemed filed on the date the prisoner delivers it to the prison authorities or places it in the prison mail system. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Fed. R.App. P. 4(c); *see also Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir.1999).

expiration of the ten-day period and before the lapse of forty days (ten plus thirty), as a motion for extension of time but a motion that properly should be decided by the district court." *United States v. Ward,* 696 F.2d 1315, 1317–18 (11th Cir.1983); *see also Sanders v. United States,* 113 F.3d 184, 186–87 (11th Cir.1997) (holding that in criminal cases, we have typically treated a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time and remanded to the district court for finding of excusable neglect).

From our review of the docket, the district court's judgment denying Martinez's "Motion for Request Preserved Error Review as to Sentencing" was entered on January 31, 2006, and Martinez's "Notice of Appeal" was entered on March 8, 2006. Even though Martinez failed to file his NOA within 10 days of the district court's judgment, as required by Rule 4(b)(1)(A)(i), he did file it within the 40-day extension period allowed for by the rules, and our caselaw, and thus the district court should make a determination as to whether Martinez has shown excusable neglect for the late filing of his NOA. Accordingly, we remand Martinez's case to the district court for the limited purpose of making an "excusable neglect" determination.

**REMANDED WITH INSTRUCTIONS.**