[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

_____

No. 09-16048

_____

D. C. Docket No. 07-14075-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEIGH KNOWLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2011)

Before WILSON and FAY, Circuit Judges, and RESTANI,* Judge.

_____

* Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

David Lee Knowles appeals the denial of his second motion to compel the government to file a Rule 35(b) motion to reduce his sentence based on substantial assistance. *See* FED. R. CRIM. P. 35(b). In December 2008, Knowles filed his first *pro se* motion to compel. The district court construed this motion not as a motion to compel, but rather as a Rule 35(b) motion, which only the government may bring. *Id.* (requiring filing "[u]pon the government's motion . . . ."). The district court denied without prejudice Knowles's December 2008 motion because criminal defendants may not bring Rule 35(b) motions. Knowles did not appeal this denial.

In Knowles's second *pro se* motion, filed in October 2009, Knowles requested reconsideration of his December 2008 Motion and attached documentation indicating that he had an agreement with the government requiring the government to file a Rule 35(b) motion. The district court construed the December 2009 motion as a motion to reconsider Knowles's October 2008 motion, and dismissed it again on the grounds that Knowles could not file a Rule 35(b) motion. Knowles timely appealed this denial.

Motions filed *pro se* must be construed liberally to afford review on any "legally justifiable base." *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir.

2

1997) (per curiam). The district court did not liberally construe the December 2008 and October 2009 motions when it construed them as Rule 35(b) motions, which Knowles could not legally bring. Liberally understood, these motions are properly construed as a motion to compel the government to file a Rule 35(b) motion, and a subsequent motion to compel, which was timely appealed. We make no determination on the merits of Knowles's second motion; we simply find that the district court improperly dismissed it.

We therefore reverse the district court's denial of Knowles's December 2009 motion and remand for consideration of Knowles's second motion to compel the United States to file a Rule 35(b) motion.

REVERSED AND REMANDED.