Nicole D. Mariani, Wifredo A. Ferrer, Tonya R. Long, Assistant U.S. Attorney, Sharad Anand Motiani, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee

Ian McDonald, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant-Appellant

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Antwan Smith served 70 months of imprisonment for possessing a firearm and ammunition after a felony conviction, and possessing heroin. His sentence included a three-year term of supervised release. Although he violated his supervised release by testing positive for use of controlled substances several times, the Court demonstrated leniency by sentencing him to time-served and warning him that it was his last chance. Smith disregarded that warning and violated his supervised release again by driving with a suspended license, failing to timely notify his probation officer about two arrests, and failing to attend all of his required treatment programs. He appeals the 11-month within-in-guideline sentence that he received for this second violation, arguing that it is substantively unreasonable. Smith's sentence is substantively reasonable in light of the totality of the circumstances. It is not "outside the range of reasonable sentences dictated by the facts in the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

**AFFIRMED.**

**Jamaal John Thomas GARRETT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 16-16709-A

United States Court of Appeals, Eleventh Circuit.

Filed 03/27/2017

R. Brian Tanner, Edward J. Tarver, U.S. Attorney's Office, SAVANNAH, GA, for Respondent-Appellee

Before: MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

BY THE COURT:

This appeal is ALLOWED TO PROCEED.

Petitioner-Appellant Jamaal John Thomas Garrett appeals from the district court's August 9, 2016 judgment denying his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. Mr. Garrett's notice of appeal, which he did not date but which was mailed to the district court on October 17, 2016, was untimely on its face to appeal from the district court's judgment *See* Fed. R. App. P. 4(a)(1)(B) & (c)(1). However, Mr. Garrett suggested in his notice of appeal that he did not receive any notice about his case from the district court until September 15, which was more than 21 days after judgment was entered. We therefore remanded this case to the district court, for the limited purpose of determining whether Mr. Garrett filed his notice of appeal within 14 days of receiving

notice of the judgment, such that he might be eligible for a reopening of his time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *See* Fed R. App. P. 4(a)(6); *Sanders v. United States,* 113 F.3d 184, 186-87 (11th Cir. 1997).

On remand, the court found that Mr. Garrett received notice of the judgment on September 15, and that he placed his notice of appeal in the prison mailing system on October 9. It is true that this interval was more than 14 days, and that Mr. Garrett is therefore not eligible for a reopening of his time to appeal under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6). However, if Mr. Garrett deposited his notice of appeal in the prison mailing system on October 9, then his appeal was timely from the district court's August 9 judgment, without any need to reopen the appeal period. *See* Fed. R. App. P. 4(a)(1)(B) & (c); *United States v. Glover,* 686 F.3d 1203, 1205 (11th Cir. 2012). Accordingly, based upon the district court's findings on limited remand, this appeal is timely, and we have jurisdiction to consider it. The appeal may therefore proceed.