[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12968
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00417-TCB-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OGINGA KAI EDWARDS,
a.k.a. Ira Gene Powell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 30, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Oginga Edwards, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238-39 (2018). He argues on appeal that the consecutive application of the mandatory minimums for his two 18 U.S.C. § 924(c) convictions, which another provision of the First Step Act no longer permits, is an "extraordinary and compelling reason" for his release, and that the district court therefore erred in denying his motion. For the reasons set out below, we affirm.

## I

We review motions for compassionate release under § 3582(a)(1)(A), as amended by § 603 of the First Step Act, for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *See United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). We liberally construe pro se filings. *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997).

## II

We held in *United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021), that U.S.S.G. § 1B1.13 contains the applicable policy statements for sentence-reduction motions filed pursuant to the First Step Act. Under § 1B1.13, only the

following circumstances are extraordinary and compelling and thus permit a reduction: (A) the defendant is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes his ability to provide self-care within the prison; (B) the defendant is at least 65 years old, is experiencing a serious deterioration because of the aging process, and has served at least 10 years or 75 percent of his sentence; (C) the death or incapacitation of the caregiver of the defendant's minor child; and (D) other reasons as determined by the director of the BOP.  *See* U.S.S.G. § 1B1.13, comment. (n.1).

In *Bryant*, we also rejected the argument that the First Step Act's amendment to § 3582(c)(1)(A) displaced the language that only the BOP director—rather than also the courts—may determine what "other reasons" are extraordinary and compelling under Application Note 1(D) of § 1B1.13.  *See Bryant*, 996 F.3d at 1263–65.  Mr. Edwards does not assert any extraordinary and compelling reasons that warrant release under Application Notes 1 (A)-(C) of § 1B1.13.  He instead argues that he is entitled to release for "other reasons."  Specifically, he cites the following as the other reasons: (1) his sentence would be lower if he were sentenced to the same crime today; (2) he has rehabilitated himself during his imprisonment; and (3) the application of § 924(c) has exacerbated this country's problems with mass incarceration, particularly as applied to African Americans.  The Director of the BOP, however, has not determined that these reasons are extraordinary and

3

compelling, so they do not constitute valid "other reasons" under Application Note (D) of § 1B1.13.

Moreover, Mr. Edwards' arguments regarding the First Step Act's changes to sentencing for § 924(c) convictions are misplaced. We held in *United States v. Smith*, 967 F.3d 1196, 1213 (11th Cir. 2020), that § 403 of the First Step Act—which addressed § 924(c)—does not apply retroactively. The district court therefore did not abuse its discretion in denying Mr. Edwards' motion for compassionate release.

## III

We affirm the district court's denial of Mr. Edwards' motion for compassionate release.

AFFIRMED.