In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13830

_____

CHRISTOPHER M. SECKINGTON,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00713-GAP-EJK

_____

Before BRANCH and LAGOA, Circuit Judges.

2                    Order of the Court                    24-13830

BY THE COURT:

This appeal is REMANDED, *sua sponte*, to the district court for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6).

Christopher Seckington's *pro se* notice of appeal seeks to challenge the district court's May 28, 2024 order denying his motion to vacate the denial of his 28 U.S.C. § 2254 petition pursuant to Federal Rule of Civil Procedure 60(b). Seckington's notice of appeal, deemed filed on November 14, 2024, is untimely to appeal the district court's May 28 order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (providing that in a civil case, a timely notice of appeal is a jurisdictional requirement); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (providing that a *pro se* prisoner's notice of appeal and other court filings are deemed filed on the date he delivers them to prison authorities for mailing).

However, Seckington's notice of appeal explicitly requests relief under Federal Rule of Appellate Procedure 4(a)(6) and asserts that he never received the district court's May 28, 2024 order denying his Rule 60(b) motion. *See* Fed. R. App. P. 4(a)(6); *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997) (providing that when a *pro se* appellant alleges that he did not receive notice of entry of the judgment or order appealed from within 21 days of its entry, we will construe the notice of appeal as a Rule 4(a)(6) motion to reopen the appeal period and remand to the district court to determine whether reopening the time to appeal is warranted).

24-13830                     Order of the Court                          3

Seckington's statement regarding lack of notice is further supported by his prior filings in which he requested a copy of the May 28 order and asserted that he could not receive mail for a period following the entry of the court's May 28 order. Thus, there is a question as to whether Seckington merits reopening of the appeal period under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6); *Sanders*, 113 F.3d at 186-87.

Accordingly, we remand this appeal to the district court for the limited purpose of determining whether Seckington merits reopening of the appeal period under Rule 4(a)(6). Upon making its determinations, the district court shall return the case, as supplemented, to us for further proceedings.