[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12881

Non-Argument Calendar

_____

BRETT WILLIAM STEWART,

Plaintiff-Appellant,

*versus*

ANN-MARIE BROWN,
Correctional Probation Supervisor/Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:23-cv-00126-AW-MAF

2                        Opinion of the Court                        24-12881

_____

Before JILL PRYOR, LAGOA, AND WILSON, Circuit Judges.

PER CURIAM:

Brett Stewart, proceeding *pro se*, appeals from the district court's August 5, 2024, order dismissing his complaint. We *sua sponte* remanded this case to the district court because Stewart's September 6, 2024, notice of appeal appeared to be untimely but included a letter in which he stated that he did not receive timely notice of the August 5 order due to a hurricane. Specifically, we remanded to the district court for the limited purpose of determining whether Stewart's letter should be construed as a Fed. R. App. P. 4(a)(5) or 4(a)(6) motion and, if so, whether he was entitled to relief under either of those Rules. On limited remand, the district court construed Stewart's letter as a Rule 4(a)(5) motion but concluded that Stewart was not entitled to relief under Rules 4(a)(5) or 4(a)(6) because he failed to show excusable delay or good cause for his untimely filing and because he did not allege that he failed to receive notice of the final judgment within 21 days of its entry.

We conclude that we lack jurisdiction over this appeal because Stewart's notice of appeal is untimely to appeal the August 5 order. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010). Stewart had until September 4, 2024, to file a notice of

24-12881                 Opinion of the Court                           3

appeal, but he did not file his notice until September 6.[1] *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  Further, as the district court concluded on remand, even when his *pro se* filings are liberally construed, Stewart has failed to show that he is entitled to Rule 4(a)(5) or 4(a)(6) relief.    *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5), (a)(6); *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997); *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019).

      Accordingly, we DISMISS this appeal for lack of jurisdiction.

---

[1] Stewart argued on remand that he had 60 days to file a notice of appeal under Fed. R. App. P. 4(a)(1)(B) because the defendant, Ann-Marie Brown, is a federal officer or employee.  However, he is incorrect because the record, including Stewart's pleadings, demonstrates that Brown is a probation officer employed by the Florida Department of Corrections.  *See* Fed. R. App. P. 4(a)(1)(B).