In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10939

_____

ARTAVIS MCGOWAN DESMOND,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-08022-RDP

_____

Before JORDAN and JILL PRYOR, Circuit Judges.

2                          Order of the Court                          25-10939

BY THE COURT:

This appeal is REMANDED, *sua sponte*, to the district court for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6).

Artavis Desmond's *pro se* notice of appeal seeks to challenge the district court's December 12, 2024 memorandum opinion and separate final order denying his motion to vacate under 28 U.S.C. § 2255. To timely seek review of the district court's December 12, 2024 order, Desmond had to file a notice of appeal by February 10, 2025. *See* 28 U.S.C. § 2107(b) (providing that a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered where the United States is a party); Fed. R. App. P. 4(a)(1)(B) (same). Although Desmond did not date his notice of appeal, he stated in it that he did not learn of the court's final order until the government mentioned it in a filing it certified it sent to him on February 20, 2025.

Accordingly, Desmond's notice of appeal is untimely. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (providing that in a civil case, a timely notice of appeal is a jurisdictional requirement); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (providing that a *pro se* prisoner's notice of appeal and other court filings are deemed filed on the date he delivers them to prison authorities for mailing); Fed. R. App. P. 4(c)(1) (providing that, to take advantage of the prison mailbox rule, the prisoner must use the institution's system designed for legal mail). Nonetheless, because Desmond's notice of appeal asserts that he

25-10939                    Order of the Court                    3

did not receive a copy of the district court's December 12, 2024 order, there is a question as to whether Desmond merits reopening of the appeal period under Rule 4(a)(6).  *See* Fed. R. App. P. 4(a)(6) (providing circumstances under which the district court may reopen the time to appeal); *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997) (holding that when a *pro se* appellant alleges that he did not receive notice of entry of the judgment or order appealed from within 21 days of its entry, we will construe the notice of appeal as a Rule 4(a)(6) motion to reopen the appeal period and remand to the district court to determine whether reopening the time to appeal is warranted).

Accordingly, we construe Desmond's notice of appeal as a motion for relief under Rule 4(a)(6) and remand to the district court for the limited purpose of determining whether such relief is warranted.  Upon making its determinations, the district court shall return the case, as supplemented, to us for further proceedings.