# In the
# United States Court of Appeals
## For the Eleventh Circuit

———————————

No. 25-11563

———————————

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

SUMTER COUNTY,
   Individual and Official Capacity,
SARASOTA COUNTY,
   Individual and Official Capacity,
FNU STRICKLAND,
   Individual and Official Capacity as Lieutenant,
DR. FNU HAYES,
   Individual and Official Capacity as Lieutenant,
FNU MUNSEY,
   Individual and Official Capacity as Deputy, et al.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00490-JSS-PRL

———————————

2                    Order of the Court                    25-11563

Before JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

Shaun Stewart, a jail inmate proceeding pro se, appeals from the district court's February 3, 2025 judgment dismissing his complaint. We issued a jurisdictional question asking the parties to address the timeliness of this appeal. Stewart, the only party who has appeared in this action, responded that his appeal would be timely but for mail obstruction, and he requests relief under Federal Rule of Appellate Procedure 4(a)(6). *See* Fed. R. App. P. 4(a)(6) (providing the district court with authority to reopen the appeal period upon motion).

Stewart has repeatedly alleged, both in the district court (including in his original and amended notices of appeal) and before us, that jail staff has obstructed his court mail. He has also alleged both that he lacked timely notice of the district court's dismissal in many cases and that he filed a timely notice of appeal. We construe his appellate filings, particularly his amended notice of appeal, as seeking relief under Rule 4(a)(6). *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (explaining that we will construe a late notice of appeal as a Rule 4(a)(6) motion if the appellant indicates that he did not receive notice of the final order or judgment within 21 days of entry).

Based on his filings, it remains unclear when Stewart received notice of the judgment in this case. If he failed to receive timely notice of the district court's February 3 judgment within 21 days of its entry but no more than 14 days before he filed his notice

25-11563                Order of the Court                    3

of appeal, relief may be warranted under Fed. R. App. P. 4(a)(6). *See* Fed. R. App. P. 4(a)(6). We thus need findings from the district court on (1) the date Stewart received notice of the district court's February 3 judgment, and (2) whether he should receive relief under Rule 4(a)(6). *See Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 978 F.3d 1347, 1348 (11th Cir. 2020) (concluding that, when it is unclear whether appellate jurisdiction exists, we may "take appropriate steps," including a limited remand, to aid in determining whether jurisdiction exists).

Accordingly, we REMAND the case to the district court for the limited purpose of determining whether Stewart is entitled to relief under Rule 4(a)(6). After making its determination, the district court shall return the record, as supplemented, to this Court for further proceedings.