**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12362

Non-Argument Calendar

————————————————

RAYMOND L. STRONG,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF
CORRECTIONS,

*Respondent-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00486-JSS-DCI

————————————————

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Raymond L. Strong, a state prisoner proceeding pro se, appeals from the district court's May 6, 2025, judgment denying his

28 U.S.C. § 2254 habeas corpus petition.  We lack jurisdiction over the appeal.

We issued jurisdictional questions asking the parties to address (1) whether the notice of appeal is timely, and (2) if not, whether the notice should be construed as a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6) and whether there is a factual question regarding when Strong received the district court's order and judgment.  Strong responds that his appeal is timely because he did not receive the order and judgment until June 6, 2025.  The Secretary of the Florida Department of Corrections responds that the appeal is untimely and that Strong is not entitled to Rule 4(a)(6) relief.

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time.  *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010).  If there is not a federal party, a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered.  28 U.S.C. § 2107(a).  Under the prison mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the date that he delivers it to prison authorities for mailing.  Fed. R. App. P. 4(c)(1).

Federal Rule of Appellate Procedure 4(a)(6) authorizes the district court to reopen the time to file an appeal if (1) the court finds that the moving party did not receive notice of the appealed order within 21 days of its entry, (2) the party moves for such relief within 180 days of the order's entry or within 14 days of receiving notice of the order, whichever is earlier, and (3) the court finds that

no party would be prejudiced by reopening. Fed. R. App. P. 4(a)(6). We will construe a late pro se notice of appeal in a civil case as a motion to reopen the appeal period under Rule 4(a)(6) if the appellant indicates that he did not receive notice of the entry of an order or judgment within 21 days of its entry. *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997).

Here, we lack jurisdiction because Strong's notice of appeal is untimely and relief is not available under Rule 4(a)(6). Because the district court entered judgment on May 6, 2025, Strong had until June 5, 2025, to appeal. *See* 28 U.S.C. § 2107(a). Since Strong did not deliver his notice of appeal to prison officials until July 2, the notice is untimely. *See id.*; Fed. R. App. P. 4(c)(1).

Because Strong alleged in his untimely notice of appeal that he did not receive timely notice of the dismissal order and judgment, we construe the notice as a motion to reopen the appeal period under Rule 4(a)(6). *See* Fed. R. App. P. 4(a)(6); *Sanders*, 113 F.3d at 187. However, because Strong received notice of the order and judgment on June 6, the time to move for relief under Rule 4(a)(6) expired 14 days later, which was June 20. *See* Fed. R. App. P. 4(a)(6)(B). As such, his construed motion, deemed filed on July 2, is also untimely. *See id.*; Fed. R. App. P. 4(c)(1). Because his notice is untimely and Rule 4(a)(6) relief is not available, we lack jurisdiction over the appeal. *See Green*, 606 F.3d at 1300-01.

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.