**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10881

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CHEDDIE LAMAR GRIFFIN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00027-RAL-TGW-1

————————————

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Cheddie Lamar Griffin, a prisoner proceeding pro se, appeals from the district court's January 3, 2025, order denying his

2                 Opinion of the Court                25-10881

motion to amend his original 28 U.S.C. § 2255 motion.  We re-manded the case to the district court for consideration of a con-strued motion for relief under Federal Rule of Appellate Procedure 4(a)(6).  On remand, the district court denied the motion.

Habeas corpus proceedings are governed by the civil rules. *See Sanders v. United States*, 113 F.3d 184, 186 n.1 (11th Cir. 1997) ("An appeal from an order denying relief under . . . § 2255 is gov-erned by [Rule 4(a)]."); *United States v. Jordan*, 915 F.2d 622, 628 (11th Cir. 1990) ("[P]roceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a [§ 2255] motion . . . is akin to initiating an independent civil suit.").  In civil cases, the timely filing of a notice of appeal is a jurisdictional re-quirement.  *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Here, Griffin was required to file a notice of appeal by March 4, 2025.  *See* 28 U.S.C. § 2107(b)(1) (providing that, in civil cases where the United States is a party, a notice must be filed within 60 days after the entry of the challenged ruling); Fed. R. App. P. 4(a)(1)(B)(i) (same); *Sanders*, 113 F.3d at 186 n.1; *Jordan*, 915 F.2d at 628.  However, his notice is not deemed filed until March 10, 2025. *See* Fed. R. App. P. 4(c)(1) (describing the prison mailbox rule); *Hou-ston*, 487 U.S. at 276 (explaining that, under the rule, a notice mailed by a pro se prisoner through a prison mail system is deemed filed on the date he delivered it to prison authorities for mailing).  As the district court denied Griffin's construed motion to reopen the ap-peal period, his appeal is untimely.

25-10881              Opinion of the Court                    3

Accordingly, this appeal is DISMISSED for lack of jurisdiction. *See Green*, 606 F.3d at 1300. All pending motions are DENIED as moot.