[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12447

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODERICK CORLION PEARSON,
a.k.a Bullet,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:07-cr-00072-RDP-SGC-1

———————————

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Roderick Pearson appeals the District Court for the Northern District of Alabama's denial of his *pro se* motion for plain error review, arguing that the District Court abused its discretion when it dismissed his motion that requested a recalculation of his sentence under the Sentencing Guidelines and resentencing under the First Step Act.[1]

## I.

A federal grand jury indicted Roderick Pearson on two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Counts 1 and 3); two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 4); and one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Pearson pleaded guilty to Counts 3, 4, and 5, and a jury found him guilty of Counts 1 and 2. The District Court sentenced him to a total of 564 months' imprisonment which included concurrent sentences of 180 months for each of Counts 1, 3, and 5, a consecutive term of 84 months' imprisonment on Count 2, and a consecutive term of

———————————

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act").

300 months' imprisonment on Count 4. Pearson appealed his conviction, and this Court affirmed. In 2009, Pearson filed a *pro se* habeas petition under 28 U.S.C. § 2255, which the District Court denied.[2]

In April 2022, Pearson filed a motion in the District Court for plain error review under Fed. R. Crim. P. 52(b). He argued that the District Court plainly erred under U.S.S.G. § 4A1.2(a)(2) when it calculated his criminal history. Pearson then argued that, assuming he was correct in his first argument, the District Court erred in "stacking" his sentence, and the District Court should resentence him without the stacked sentences pursuant to § 403(a) of the First Step Act. The District Court denied Pearson's motion. This timely appeal followed.

## II.

We review *de novo* whether a district court has jurisdiction to modify a defendant's sentence. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). We liberally construe *pro se* filings. *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). Additionally, *pro se* filings should be liberally construed to afford

---

[2] Between the denial of Pearson's initial § 2255 motion in 2009 and his filing of the present *pro se* motion for plain error review in 2022, various other proceedings in this case have occurred. These include a second *pro se* § 2255 motion, a new judgment, an appeal of that new judgment, and various motions to reduce his sentence. None of these motions and proceedings are relevant to the matter currently before this Court.

review on any "legally justifiable base." *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (quotation marks omitted).

We review the denial of an eligible defendant's request for a reduced sentence under the First Step Act for abuse of the district court's "broad discretion." *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). "A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment." *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021). We may affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Federal Rule of Criminal Procedure 52 details the standard for harmless and plain error. Fed. R. Crim. P. 52. It notes that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

District courts lack inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B); *see also Phillips*, 597 F.3d at 1194–95. Under 18 U.S.C. § 3582(c), a district court may modify a defendant's sentence if: (1) the Bureau of Prisons or the defendant files a motion and the defendant meets additional conditions; (2) a statute or Rule 35 of Federal Rule of Criminal Procedure expressly permits the modification; or (3) the defendant was sentenced based on a guidelines range that the Sentencing Commission later lowered and other requirements are met. *See* 18 U.S.C. § 3582(c). Under Rule 35, a court may modify a sentence within 14 days after

sentencing to correct an "arithmetical, technical, or other error." Fed. R. Crim. P. 35(a).

Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2017). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c) conviction has become final. First Step Act § 403(a). However, § 403 does not apply retroactively. *See id.* § 403(b).[3]

A second or successive § 2255 motion requires prior authorization from this Court, which may only be granted if the motion contains a claim involving newly discovered evidence demonstrating factual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). If a prisoner files a successive motion to vacate without first receiving prior authorization, then the district court is without jurisdiction to consider the motion. *See id.*

---

[3] Section 403(b) reads: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act § 403(b), 132 Stat. 5194, 5221–22. We have held that a sentence is "imposed" for First Step Act purposes when it is pronounced in the district court. *United States v. Smith*, 967 F.3d 1196, 1212–13 (11th Cir. 2020).

§ 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Here, the District Court properly denied relief because Pearson failed to demonstrate eligibility for a sentence modification under the First Step Act, as the Act's "stacking" provisions do not apply retroactively.[4] Pearson's Sentencing Guidelines calculation argument does not provide a basis for First Step Act relief. Even if the District Court had construed his Sentencing Guidelines argument as a challenge to his sentence under 28 U.S.C. § 2255, it would have lacked jurisdiction over the motion, as it would have been a successive motion filed without authorization.

**AFFIRMED.**

---

[4] Pearson was resentenced, and his new sentence was imposed on October 10, 2017. The First Step Act was enacted in 2018, which means the stacking amendment would not apply to his sentence.